UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————X

PATRICIA WYLER-WITTENBERG,
individually, and on behalf of all others
similarly situated,

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★   OCT 17 2012   ★

LONG ISLAND OFFICE



MEMORANDUM OF
DECISION AND ORDER
12–CV–00366 (ADS)

                                Plaintiffs,

v.

METLIFE HOME LOANS, INC., and
METLIFE, INC.

                                Defendants.

————————————————————————X

**APPEARANCES:**

ERIK H. LANGELAND, P.C.
*Attorneys for the Plaintiffs*
500 Fifth Avenue, Suite 1610
New York, NY 10110
            By: Erik H. Langeland, Esq., Of Counsel

TOSTRUD LAW GROUP, P.C.
*Attorneys for the Plaintiffs*
1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
            By: Jon A. Tostrude, Esq., Of Counsel


PROSKAUER ROSE LLP
*Attorneys for the Defendants*
Eleven Times Square
New York, NY 10036
            By: Joseph Baumgarten, Esq.
                Joseph Cornelius O'Keefe, Jr., Esq., Of Counsel

**SPATT, District Judge.**

The Plaintiff Patricia Wyler-Wittenberg ("Wyler-Wittenberg") commenced this putative

collective and class action against MetLife Home Loans, a Division of MetLife Bank, N.A.

(erroneously named herein as "MetLife Home Loans, Inc.") and MetLife, Inc. (collectively

1

"MetLife" or "the Defendants") seeking to recover both unpaid overtime and minimum wages. Presently before the Court is MetLife's motion to dismiss the complaint with prejudice pursuant to the "first-filed" rule, or alternatively, to stay or transfer this matter pursuant to the "first-filed" rule and 28 U.S.C. § 1404(a), and Wyler-Wittenberg's motion to amend the complaint. For the reasons set forth below, the Court grants MetLife's motion to transfer, and orders the instant action to be transferred to the United States District Court for the Central District of California where parallel actions are pending. In addition, the Court denies the Plaintiff's motion for leave to file an amended complaint.

## I.     BACKGROUND

Unless otherwise stated, the following facts are undisputed. MetLife is a mortgage bank and brokerage firm that provides banking services to consumers both in the State of New York and nationwide. MetLife is an "employer" as defined under the New York Labor Laws ("NYLL") and the Fair Labor Standards Act ("FLSA"). Wyler-Wittenberg was a loan officer employed by MetLife in its office located in Hauppauge, New York. The class which Wyler-Wittenberg seeks to represent is inclusive of other similarly situated MetLife loan officers and employees. MetLife maintains uniform company-wide policies and procedures under which the primary duty of the Plaintiff and others similarly situated was to sell residential mortgage loans. MetLife managed and controlled the wage, hour, and other related employee compensation policies for its loan officers.

Wyler-Wittenberg alleges that she and other similarly situated loan officers were not paid a weekly guaranteed salary of at least $455.00. (Compl. ¶ 15.) Consequently, the Plaintiff contends that MetLife failed to comply with legal minimum wage requirements. Instead, Wyler-Wittenberg maintains that MetLife engaged in illegal compensation practices in which it paid its

loan officers an illegal "draw", consisting of a bi–weekly or monthly stream of income, which did not include overtime payment. (Id.) Wyler-Wittenberg alleges that MetLife required that she and other similarly situated loan officers arrive early and work late, routinely making officers work in excess of forty-hours a week without overtime compensation. (Id.) According to Wyler-Wittenberg, the overtime frequently worked by loan officers included weekend hours. (Id.) Finally, Wyler-Wittenberg asserts that MetLife acted in violation of the FLSA and the NYLL by failing to create and maintain accurate records to reflect the time that was worked by its loan officers. (Id.)

This is the fourth putative collective and/or class action filed against MetLife, regarding its failure to lawfully compensate its loan officers. Therefore, the Court deems it necessary to explore the facts and current status of each of the previously filed cases.

**A.     The First Putative Collective and Class Action: <u>Cerami v. MetLife</u>**

On March 2, 2011, plaintiff Robert Cerami ("Cerami"), a former MetLife loan officer, filed the first putative collective and nationwide class action against MetLife in the Superior Court of California, <u>Cerami v. MetLife, Inc., MetLife, N.A., and MetLife Home Loans</u>, No. 30–2011–00454509 (Cal. Super. Ct.) (Docket Entry No. 10–3.) On May 5, 2011, the case was removed to the United States District Court for the Central District of California, No. 11 Civ. 00681 (the "<u>Cerami</u> action"). Cerami seeks to represent a nationwide collective class of loan officers and other employees, whom he contends MetLife misclassified as exempt from the FLSA overtime requirements. In addition to the FLSA claims, Cerami asserts claims under California state law and maintains the case as a Rule 23 class action on behalf of the California–based loan officers within the collective class. (Compl., ¶ 1.) Cerami alleges that MetLife owes

said plaintiffs unpaid wages and overtime compensation, and seeks to recover wages for the eight hours allegedly worked in excess of the forty–hour workweek. (Compl., ¶ 4.)

MetLife filed its answer in the Cerami action on May 3, 2011 (Docket Entry No. 10–4.), denying each and every material allegation asserted in the complaint. The parties' Joint Rule 26(f) report was filed on August 30, 2011. Thereafter, on December 1, 2011, the court issued a scheduling order, directing the completion of all discovery by July 27, 2012. (Docket Entry No. 10–5.) Pursuant to the order, the parties engaged in informal discovery. In addition, two mediation sessions were conducted, one on January 31, 2012 and another on February 16, 2012. All motions for class or conditional certification were due on April 30, 2012. (Sched. Order, ¶ 1.)

On July 20, 2012, the parties filed a joint stipulation for settlement, specifically seeking preliminary court approval of the Rule 23 class action and FLSA collective action. On August 31, 2012, United States District Judge Cormac J. Carney denied the motion for an order preliminarily approving the class action settlement without prejudice. He found that the Joint Stipulation and Settlement Agreement violated federal law as it purported to bind some class members to a release of the FLSA claims unless they "opted out". (Cerami Docket Entry No. 35.) The parties refiled the motion for settlement approval on September 21, 2012. Currently, a hearing is set for October 22, 2012 in connection with the Plaintiff's motion for Rule 23 preliminary approval of settlement and FLSA approval of settlement.

B.      **The Second Putative Collective and Class Action: Miner v. MetLife**

On March 11, 2011, plaintiff Barry Hollander ("Hollander"), a former loan officer of MetLife, filed the second putative collective and class action against MetLife in California state court, which was subsequently removed to the United States District Court for the Central

4

District of California, <u>Miner v. MetLife Bank, N.A.</u>, No. 11 Civ. 04038. The claims asserted in <u>Miner</u> are virtually identical to those asserted in the <u>Cerami</u> action. In both matters, plaintiffs brought FLSA claims on behalf of a nationwide class of loan officers and California state law overtime claims on behalf of a class of MetLife loan officers and employees. The claims asserted in <u>Miner</u> are currently pending before the same federal judge to whom the <u>Cerami</u> action has been assigned, and the parties in <u>Miner</u> consented to partake in the ongoing mediation and settlement efforts in the <u>Cerami</u> action. For this reason, the claims set forth in <u>Miner</u> are referred to collectively as part of the discussion of the <u>Cerami</u> action.

As set forth above in the context of the <u>Cerami</u> action, on or about July 20, 2012, a Joint Stipulation and Settlement Agreement, made and entered among the parties in the <u>Cerami</u> action, was filed with the court. (<u>Cerami</u> Docket Entry No. 26.) The hearing on plaintiffs' motion for Rule 23 preliminary approval of settlement and FLSA approval of settlement is currently scheduled for October 22, 2012 Judge Carney in the United States District Court, Central District of California. (<u>Cerami</u> Docket Entry No. 37.) In light of this hearing, Judge Carney vacated the pretrial conference and trial dates scheduled in the <u>Cerami</u> action by order dated October 3, 2012. (<u>Cerami</u> Docket Entry No. 38.)

### C.    The Third Putative Collective And Class Action: <u>Swisher v. MetLife</u>

On January 17, 2012, plaintiff Steve Swisher ("Swisher"), a former MetLife loan officer, filed the third putative collective and class action representative of a nationwide collective class of loan officers in the United States District Court for the District of Minnesota, <u>Swisher, et al. v. MetLife Home Loans and MetLife Bank, N.A.</u>, No. 12 Civ. 00133 (the "<u>Swisher</u> action") (Docket Entry No. 10–6.) In the complaint, Swisher asserted that MetLife misclassified the

relevant class of loan officers and employees, and acted in violation of the FLSA for its failure to pay federally mandated overtime wages. (Docket Entry No. 10–6; Compl., ¶ 4.)

On February 3, 2012, Swisher timely filed a motion seeking leave from the court to amend the complaint. (Docket Entry No. 10–7.) Swisher submitted a proposed amended class and collective action complaint with the motion, adding New York State former loan officer Scott H. Finger, and all other similarly situated officers of MetLife who worked in the State of New York, as plaintiffs in the Swisher action. Id. In addition to claims brought under the FLSA, Swisher asserted a Rule 23 class action claim on behalf of the New York State loan officers pursuant to the NYLL.

Pursuant to the "first-filed" rule, MetLife moved to dismiss, or alternatively, to stay or transfer the Swisher action to the Central District of California, the venue of the Cerami action. The motion was heard on April 25, 2012. At that time, Swisher's motion for leave to amend complaint was also pending. In a Report and Recommendation dated May 11, 2012, United States Magistrate Judge Tony Leung concluded that "[t]he core FLSA legal questions in [the Cerami action and the Swisher action] are. . . parallel to one another." Swisher, No. 12 Civ. 00133, slip op. at 7. Based upon this finding, Magistrate Judge Leung recommended that the court grant MetLife's motion to dismiss, stay or transfer in part, recommending that the Swisher action be transferred to the Central District of California where the Cerami action is pending. Id. at 12. However, Judge Leung declined to rule on the motion for leave to amend. Id. Thus, the court neither granted nor denied the motion, but rather "defer[red] any such ruling to the transferee court." Id.

Adopting that recommendation, on June 4, 2012, the district court transferred the Swisher action to the Central District of California, Swisher v. MetLife, No. 12 Civ. 133, 2012 WL

1988640, *1 (D. Minn. June 4, 2012). The <u>Swisher</u> action is presently before Judge Carney in the United States District Court, Central District of California, No. 12 Civ. 00991. On August 22, 2012, Notice of Intent to Schedule the Case was filed with the court. The court will issue a Scheduling Order on November 19, 2012, at which time the dates for the completion of discovery, the filing of motions, a pretrial conference, and trial will be established. (<u>Swisher</u> Docket Entry No. 75.)

To date, Swisher has not yet renewed the motion to amend the complaint. As such, there remains a factual dispute between the parties presently before this Court as to whether claims under New York State Labor Laws are being, or will be asserted in the <u>Swisher</u> action. Furthermore, the proposed settlement agreement before the court in <u>Cerami</u> does not expressly mention the plaintiffs in <u>Swisher</u>. (<u>Cerami</u> Docket Entry #37.) Nevertheless, as Judge Leung observed prior to recommending that <u>Swisher</u> be transferred to the Central District of California, the plaintiffs in <u>Swisher</u> "will receive notice of notice of any settlement and have the opportunity to discuss with counsel whether they should opt into the Cerami action and take part in any settlement." <u>Swisher</u>, No. 12–cv–00133, slip op. at 9.

### D.     The Instant Action: <u>**Wyler-Wittenberg v. MetLife**</u>

On January 26, 2012, Plaintiff Patricia Wyler-Wittenberg, the former MetLife loan officer, filed the present putative collective and nationwide class action in the United States District Court for the Eastern District of New York. In the complaint, Wyler-Wittenberg alleges that MetLife violated the FLSA and 29 U.S.C. §§201 *et seq.* for its failure to pay minimum wages and overtime compensation to a nationwide class of similarly situated loan officers and other employees. Wyler-Wittenberg also asserts a Rule 23 class action under Articles 6 and 19

of the NYLL and the New York Code Rules and Regulations §§142–2.1 *et seq.* on behalf of all New York loan officers.

On April 5, 2012, MetLife filed the instant motion to dismiss, or alternatively, to stay or transfer this matter to the Central District of California where the Cerami and Swisher actions are pending. (Docket Entry No. 10.) MetLife first maintains that the Court should dismiss the instant action because the allegations in Wyler-Wittenberg's complaint are duplicative to those raised in the Cerami action and the Swisher action, two parallel cases that are currently pending before the same court. Thus, relying on the "first-filed" rule, MetLife urges the Court to dismiss the instant action to prevent concurrent litigation and preserve judicial resources. MetLife emphasizes that in a nationwide collective action, application of the "first-filed" rule to dismiss a matter is especially appropriate.

Alternatively, MetLife contends that the Court should retain its jurisdiction over the subsequently filed action, but grant a stay in this matter until the Cerami and Swisher actions are resolved in order to prevent relitigation of the same issues. Finally, with respect to MetLife's request that the instant action be transferred to the Central District of California, MetLife relies on 28 U.S.C. § 1404(a), the convenience transfer statute, observing that district courts maintain broad discretion to transfer a case to a venue that will promote fairness and judicial economy.

Wyler-Wittenberg opposes MetLife's motion on two grounds. She argues that: (1) the putative collective class should proceed in the forum in which the complaint was filed because Wyler-Wittenberg represents a distinct class asserting different claims than those raised in Cerami and Swisher; and (2) dismissal of the instant action would deprive Wyler-Wittenberg and a nationwide class of similarly situated loan officers of their substantive rights without a fair adjudication of the claims asserted in the complaint. Wyler-Wittenberg asserts that MetLife's

reliance on the "first-filed" rule is misguided, as it is not applicable under the facts of the instant action. In particular, Wyler-Wittenberg argues that the putative collective class, which she seeks to represent, is not comprised of the same plaintiffs as those who opted in as plaintiffs in either the <u>Cerami</u> or the <u>Swisher</u> action. Wyler-Wittenberg further maintains that MetLife's motion should be denied in its entirety because distinct claims have been raised under New York Labor Laws that were not raised in the <u>Cerami</u> action.

On August 10, 2012, while MetLife's motion was pending before this Court, Wyler-Wittenberg filed a motion for leave to file an amended complaint. (Docket Entry No. 28.) Wyler-Wittenberg seeks to amend the complaint for the sole purpose of limiting the FLSA portion of the complaint to the seventy–five individuals who have already opted into the case to date. (Docket Entry No. 28–1.) On August 27, 2012, MetLife submitted an opposition to Wyler-Wittenberg's motion for leave to amend the complaint. (Docket Entry No. 29.) In addition to explaining how approving the requested amendment would be a waste of judicial resources, MetLife argues that the proposed amendment fails to alleviate the substantial overlap between the instant action and both <u>Cerami</u> and <u>Swisher</u>.

## II. DISCUSSION

### A. Application of the "First-filed" Rule

The resolution of this dispute requires an application of the "first-filed" rule. The "first-filed" rule is a well-settled legal doctrine, instructing that "where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." <u>First City Nat. Bank and Trust Co. v. Simmons</u>, 878 F.2d 76, 79 (2d Cir. 1989) (quotations and citations omitted); <u>see also Taylor v. Rodriguez</u>, 238 F.3d 188, 197 (2d Cir. 2001) ("In administering its docket, a district

court may dismiss a second suit as duplicative of an earlier suit . . . .") (citations and quotations omitted); <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 133 (2d Cir. 2000); <u>Kahn v. Gen. Motors Corp.</u>, 889 F.2d 1078, 1081 (Fed. Cir. 1989); <u>Motion Picture Lab. Technicians Local 780 v. McGregor & Werner, Inc.</u>, 804 F.2d 16, 19 (2d Cir. 1986); <u>Fort Howard Paper Co. v. William D. Witter, Inc.</u>, 787 F.2d 784, 790 (2d Cir. 1986); <u>Factors Etc., Inc. v. Pro Arts, Inc.</u>, 579 F.2d 215, 218 (2d Cir. 1978); <u>Semmes Motors, Inc. v. Ford Motor Co.</u>, 429 F.2d 1197, 1202 (2d Cir. 1970); <u>William Gluckin & Co. v. International Playtex Corp.</u>, 407 F.2d 177, 178 (2d Cir. 1969); <u>Cali v. East Coast Aviation Services, Ltd.</u>, 178 F. Supp. 2d 276, 292 (E.D.N.Y. 2001); <u>O'Hopp v. Contifinancial Corp.</u>, 88 F. Supp. 2d 31, 34 (E.D.N.Y. 2000); <u>Spotless Enterprises Inc. v. The Accessory Corp.</u>, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006) (observing vast circumstances in which federal courts have applied the "first-filed" rule).

The United States Supreme Court has acknowledged that application of the "first-filed" rule promotes "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . . ." <u>Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.</u>, 342 U.S. 180, 183, 72 S. Ct. 219, 221, 96 L. Ed. 200 (1952). The "first-filed" rule enables courts to prevent "duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue." <u>Ontel Products, Inc. v. Project Strategies Corp.</u>, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995). Proper application of the "first-filed" rule requires that the first and subsequently filed case(s) have either identical or substantially similar parties and claims. <u>See Spotless Enters. Inc.</u>, 415 F. Supp. 2d at 205–06.

Importantly, application of the rule does not require *identical* parties in the cases, but merely requires "substantial overlap." <u>Id.</u>; <u>see Intema Ltd. v. NTD Labs., Inc.</u>, 654 F. Supp. 2d

133, 141 (E.D.N.Y. 2009) (noting that the "first-filed" rule can be invoked where significant overlapping factual issues exist between the two pending cases); <u>Mastercard Int'l Inc. and Mastercard Int'l, LLC</u>, No. 03 Civ. 7157, 2004 WL 1368299, at *7–8, 2004 U.S. Dist. LEXIS 10906, at *23–24 (observing the presumption in favor of the forum in which the first action is filed where the record presents "sufficient overlapping factual and legal issues" between two cases); <u>see also</u> <u>Save Power Ltd. v. Syntek Fin. Corp.</u>, 121 F.3d 947, 951 (5th Cir. 1997); <u>Meeropol v. Nizer</u>, 505 F.2d 232, 235 (2d Cir. 1974); <u>Maclaren v. B-I-W Group, Inc.</u>, 329 F. Supp. 545 (S.D.N.Y. 1971). <u>But see</u> <u>CRST Van Expedited, Inc. v. J.B. Hunt Transport, Inc.</u>, No. 04 Civ. 79, 2005 WL 741911, at *7, 2005 U.S. Dist. LEXIS 5558, at *16 (N.D. Iowa March 31, 2005) (recognizing the circuit split between the Sixth Circuit and the Second, Fourth, and Fifth Circuits, in that the Sixth Circuit requires that the subsequent action include "all of the same parties" in order for the court to invoke the "first-filed" rule).

Here, there is some degree of overlap that exists between the parties, claims, and the relief sought in each of the collective and class actions against MetLife. With regard to parties, MetLife is the same defendant-employer in each of the actions, but the seventy-five plaintiffs who opted-in as parties to the instant action are not the same plaintiffs as those in <u>Cerami</u> or <u>Swisher</u>. However, in the assessment of whether the "first-filed" rule is applicable, the Second Circuit plainly does not require the first-filed action and the subsequent action to consist of identical parties. Moreover, the Court recognizes vast similarities among the individual plaintiffs in each of the putative collective and class actions against MetLife. Each plaintiff was either a loan officer or employee with similar job titles who worked at MetLife during the relevant time period. This point was previously argued by MetLife in <u>Swisher</u>, and accepted by the court in its decision to transfer the case. <u>See</u> <u>Swisher</u>, No. 12 Civ. 00133, slip op. at 6–7 ("[a]s evident by

11

their complaints, the named plaintiffs in [each] of these cases contemplated a nationwide collective class—thereby encompassing all other loan officers working for Defendants—for their FLSA claims.")

Thus, considering the similar positions held by the plaintiffs in each of these matters and the opt-in nature of a collective class, the Court concludes that plaintiffs in this action are similar enough to those in Cerami and Swisher to warrant application of the "first-filed" rule.

Furthermore, Wyler-Wittenberg alleges that the claims and relief asserted in the instant action are distinct from that in Cerami and Swisher. With regard to the claims asserted, all three actions involve FLSA claims for unpaid wages and overtime compensation against MetLife. The claims are also premised upon similar allegations, including that MetLife engaged in unlawful compensation policies and practice; misclassified its loan officers as exempt from the FLSA; and failed to keep accurate records of and lawfully compensate employees in accord with the applicable hourly rates under federal law. Thus, the claims and relief sought undoubtedly have significant overlap.

In addition, both Cerami and the instant action clearly assert labor law claims under state law. However, because the claims in Cerami involve California state law and the state claims in the instant action involve the NYLL, Wyler-Wittenberg maintains that these claims are distinct and the "first-filed" rule should not be applied. Moreover, Wyler-Wittenberg asserts that she "was in fact the first to file a Rule 23 claim for violations of the New York Labor Laws." (Pl.'s Opp. at 5.) The Court notes that this statement may not be entirely accurate. Indeed, a motion for leave to amend the complaint to include a Rule 23 claim for violations of the NYLL was previously filed in the Swisher action. This motion was not ruled upon, and it technically remains outstanding. However, the Court is also cognizant of the fact that, to date, Swisher has

not renewed the motion before the Central District of California. Thus, it is not entirely apparent whether a motion to include the NYLL claims in <u>Swisher</u> is presently outstanding before the Court.

From these facts, the Court cannot discern whether the instant action will be the only case to contain a claim against MetLife under the NYLL. Regardless, the existence or absence of NYLL claims in <u>Swisher</u> does not affect the Court's finding that the claims in the instant action are sufficiently similar to those in <u>Cerami</u> and <u>Swisher</u> for the Court to apply the "first-filed" rule. While Judge Leung did not rule on the motion for leave to amend the complaint in <u>Swisher</u>, he addressed the impact that the possible inclusion of the NYLL claims might have on the case and his recommendation. In particular, Judge Leung decided that "the presence of New York state-law claims by some of the Plaintiffs in [<u>Swisher</u>] does not sufficiently distinguish it from the <u>Cerami</u> action" so as to preclude application of the "first-filed" rule. <u>Swisher</u>, No. 12 Civ. 00133, slip op. at 10. This Court is wholly in agreement with that conclusion.

Next, Wyler-Wittenberg emphasizes that the complaint in the instant action is the only one that includes a claim and seeks relief for MetLife's alleged failure to pay minimum wages. However, given the extent of the overlap that exists between the parties and claims in each putative collective and class action, the Court finds that this point is ineffective to preclude application of the "first-filed" rule. The Court recognizes that neither the complaint in <u>Cerami</u>, nor the complaint in <u>Swisher</u>, specifically includes a claim against MetLife for failure to pay minimum wages. Nonetheless, the complaints in both <u>Cerami</u> and <u>Swisher</u> assert claims that MetLife failed to lawfully comply with and compensate its loan officers and employees for their hourly rates. The Plaintiffs in <u>Cerami</u> contend that MetLife violated both federal and state law in its willful failure to: (i) "pay [plaintiffs] compensation (including unpaid overtime) in a prompt

and timely manner" and (ii) provide plaintiffs "accurate semi–monthly itemized wage statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates…." (Docket Entry No. 10–3; Compl. ¶ 4.)  Likewise, the plaintiffs in <u>Swisher</u> allege that MetLife unlawfully paid them on "a draw plus commission basis" (Docket Entry No. 10–6; Compl. ¶ 19) and is "liable under the FLSA for failing to properly compensate" them.  (Docket Entry No. 10–6, Compl. ¶ 35.)  Thus, the claims in both <u>Cerami</u> and <u>Swisher</u> are sufficiently broad enough to encompass minimum wage claims, and in any event are so markedly related to overtime claims that there remains a substantial overlap so as to warrant the application of the "first-filed" rule.  Therefore, notwithstanding that the substance of the compensation claims and the relief sought by the parties differs to a slight degree, the Court finds that the duplicative nature of the totality of claims asserted and the relief sought warrants application of the "first-filed" rule in this matter.

Finally, the Plaintiff contends that MetLife's motion should be denied on the basis that the parties in the first-filed action, <u>Cerami v. MetLife</u>, have reached a settlement in principle, which would effectively moot the Defendants' motion.  Certainly, a Joint Stipulation and Settlement Agreement has been filed with the United States District Court for the Central District of California, and it appears that the parties have reached a settlement.  However, this Court, similar to Judge Leung in <u>Swisher</u>, is not persuaded by the Plaintiff's argument.  It is necessary for the federal court to approve the fairness of any settlement in this regard, and thus settlement is ultimately a determination for the Court.

The Court does acknowledge that "special circumstances" might arise to justify its departure from the "first-filed" rule.  For instance, courts have refused to apply the "first-filed" rule in "improper anticipatory actions," or alternatively, where the "balance of convenience and

interest of justice" favors the forum in which the second suit was brought. Spotless Enters. Inc., 415 F. Supp. 2d at 207. "Improper anticipatory actions" include cases where the record suggests that forum-shopping motivated the filing of the suit and choice of venue. Id.; see also Fed. Ins. Co. v. May Dep't Stores Co., 808 F. Supp. 347, 350 (S.D.N.Y. 1992) (directing that a court's "[d]eparture from the first filed rule is warranted only after careful consideration of the particular circumstances of a given case taken as a whole").

The second exception to the "first-filed" applies where the balance of convenience and interest of justice favors the second action. See Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991). "The factors to be considered in weighing the balance include: (1) the convenience of the witnesses, as well as the availability of process to compel their attendance if unwilling; (2) the location of relevant documents and ease of access to sources of proof; (3) the convenience and relative means of the parties; (4) the locus of the operative facts; (5) the forums' respective familiarity with the governing law; (6) the weight accorded to the plaintiff's choice of forum; (7) trial efficiency and the interests of justice; and (8) any other relevant factors special to the two cases." Rico Records Distributors, Inc. v. Ithier, 364 F. Supp. 2d 358, 361 (S.D.N.Y. 2005); Everest Capital Ltd. v. Everest Funds Mgmt., L.L.C., 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002).

The Court further finds that neither party has accused the other of forum shopping, nor raised any facts that would weigh in favor of a departure from the "first-filed" rule. There is no indication that applying the "first-filed" rule would inconvenience plaintiffs or witnesses, or otherwise impose a burden on plaintiffs in their ability to access and present evidence. With regard to choice of forum, the Court reiterates that the "first-filed" rule embodies the notion that the plaintiff who is first to commence litigation should have his or her choice of venue. Finally, the Court notes that application of the "first-filed" rule in this matter would serve its intended

purpose in promoting the efficient resolution of duplicative litigation. Therefore, because Wyler-Wittenberg has failed to identify any special circumstances to justify a departure, the Court deems the "first-filed" rule applicable and proper under the facts of this case.

**B. As to the Disposition of this Action**

The general rule among federal district courts is to avoid duplicative litigation. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L.E.2d 483 (1976). "The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or res judicata," as each vests a court with the power and discretion to dismiss a duplicative action to promote fairness and judicial economy. Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). As an alternative to dismissal, a moving party may raise the "first-filed" rule as grounds for the court order a stay in a subsequent suit. Id. (observing that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit").

Where the "first-filed" rule is found applicable, "[t]he decision of whether to stay or dismiss a proceeding rests within a district judge's discretion." Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991). The court should take whichever action it deems proper to "avoid duplication of judicial effort, void vexatious litigation in multiple forums, achieve comprehensive disposition of litigation among parties over related issues, and eliminate the risk of inconsistent adjudication." Regions Bank v. Wieder & Mastroianni, P.C., 170 F. Supp. 2d 436, 439 (S.D.N.Y. 2001). The Second Circuit has emphasized the importance of establishing "a single determination of a controversy between the same litigants." Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991) (noting that a court maintains the power to dispose, or alternatively, postpone resolution of a duplicative action to prevent "concurrent litigation over the same subject matter"). However, given "[t]he

complex problems that can arise from multiple federal filings," the disposition of a second-filed case is not governed by "a rigid test, but require[s] instead that the district court consider the equities of the situation when exercising its discretion." <u>Curtis</u>, 226 F.3d at 138.

Given the duplicative nature of the claims asserted in <u>Cerami</u>, <u>Swisher</u>, and <u>Wyler-Wittenberg</u>, the Court refuses to impose a stay in this matter, as a stay would fail to serve the purposes underlying application of the "first-filed" rule.  Retaining jurisdiction for subsequent adjudication of the instant action would unnecessarily require the Court to reexamine parallel issues that will be raised and decided in <u>Cerami</u> and <u>Swisher</u>.  <u>Accord</u> <u>Swisher</u>, No. 12 Civ. 00133, slip op. at 11 ("any resolution that keeps this matter within the District of Minnesota will undoubtedly lead to future motion practice before this Court over decision made by another federal court").  Consequently, a stay would waste considerable time and judicial resources. Moreover, the Court concludes that a dismissal of the instant action is also not warranted.  The Court is in agreement with Judge Leung's reasoning in the <u>Swisher</u> action that dismissal is not appropriate due to "the significant number of individuals who have already opted into this case." Although similarly situated, the individual plaintiffs in <u>Cerami</u>, <u>Swisher</u>, and <u>Wyler-Wittenberg</u> are not the same.  Therefore, a dismissal would not bring about an equitable result.

Pursuant to 28 U.S.C. § 1404(a), the convenience transfer statute, "where a 'civil action' to vindicate a wrong—however brought in a court—presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court."  <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 622, 84 S. Ct. 805, 812, 11 L. Ed. 2d 945 (1964).  A motion to change venue from one federal district court to another when venue is initially proper, is governed by 28 U.S.C § 1404(a), which provides, in relevant part:

[F]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The goal of Section 1404(a) "is to prevent waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " Van Dusen, 376 U.S. at 616 (quoting Continental Grain Co. v. Barge FBL– 585, 364 U.S. 19, 26–27, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960)). "This remedial purpose—the individualized, case-by-case consideration of convenience and fairness—militates against restricting the number of permissible forums within the federal system." Id.; cf. 800–Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 136 (S.D.N.Y. 1994) (observing the presumption in favor of the forum in which a suit is first filed to decide all claims which are related and being asserted by similarly situated plaintiffs). Therefore, "motions to transfer are within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)).

The inquiry on a motion to transfer venue is twofold. First, the Court must determine whether the action "might have been brought" in the forum to which the movant seeks to have the case transferred. If so, the second issue for the court to resolve is whether the "convenience of the parties and witnesses" and the "interests of justice" warrant transferring the case. See 28 U.S.C. § 1404(a). Therefore, this court has established that "[a] change of venue is appropriate if: (1) the plaintiff could have brought the case initially in the proposed transferee forum, and (2) transfer would promote the convenience of the parties and witnesses and the interest of justice." Merkur v. Wyndham Int'l, Inc., No. 00 Civ. 5843, 2001 WL 477268, at *1 (E.D.N.Y. March 30,

2001) (citing <u>Baker v. Bennett</u>, 942 F. Supp. 171, 175–76 (S.D.N.Y. 1996)); <u>Laumann Mfg.</u>

<u>Corp. v. Castings USA</u>, 913 F. Supp. 712, 720 (E.D.N.Y. 1996).

Courts generally weigh a number of factors in making the latter decision, none of which

is singly dispositive. <u>See</u> <u>Modern Computer Corp. v. Ma</u>, 862 F. Supp. 938, 948 (E.D.N.Y.

1994); <u>see also</u> <u>Blass v. Capital Int'l Security Group</u>, No. 99 Civ. 5738, 2001 WL 301137, at *1,

*4 (E.D.N.Y. March 23, 2001); <u>Longo v. Wal–Mart Stores, Inc.</u>, 79 F. Supp. 2d 169, 171

(E.D.N.Y. 1999). The criteria include: (1) the convenience of the witnesses; (2) the convenience

of the parties; (3) the locus of operative facts; (4) the availability of process to compel the

attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of

access to sources of proof; (6) the relative means of the parties; (7) the district court's familiarity

with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial

efficiency and the interest of justice. <u>See</u> <u>Merkur</u>, 2001 WL 477268 at *2; <u>Blass</u>, 2001 WL

301137 at *4; <u>Longo</u>, 79 F. Supp. 2d at 171 (citing <u>Pall Corp. v. PTI Technologies, Inc.</u>, 992 F.

Supp. 196, 199 (E.D.N.Y. 1998)).

The moving party bears the burden to clearly establish that a transfer is appropriate and

that the motion should be granted. <u>See</u> <u>Laumann</u>, 913 F. Supp. at 720; <u>Merkur</u>, 2001 WL

477268 *1; <u>Longo</u>, 79 F. Supp. 2d 169, 171 (E.D.N.Y. 1999). In order to satisfactorily meet this

burden, a moving party must support the application with an affidavit containing detailed factual

statements relevant to the factors considered by the Court considers when deciding a motion to

transfer venue. <u>See</u> <u>Photoactive Productions, Inc. v. Al Or Int'l, Ltd.</u>, 99 F. Supp. 2d 281, 292

(E.D.N.Y. 2000) (citing <u>Factors</u>, 579 F.2d at 218); <u>see also</u> <u>Blass</u>, 2001 WL 301137 at *4.

In a Section 1404(a) motion, courts have held that perhaps the most important

consideration is the convenience of the forum on party and non-party witnesses. <u>Citibank, N.A.</u>

v. Affinity Processing Corp., 248 F. Supp. 2d 172, 176–78 (E.D.N.Y. 2003). However, because neither party has provided a witness list, or made any statement about the convenience or inconvenience of the present matter being litigated in California, or alternatively, New York State, the Court cannot further address this factor. Accordingly, the Court finds that this factor is neutral.

Courts also look at the location of evidence in a 1404(a) motion when "documents are particularly bulky or difficult to transport, or proof that it is somehow a greater imposition for defendant to bring its evidence to New York than for plaintiff to bring its evidence to the moving party's proposed forum." Constitution Reinsurance Corp. v. Stonewall Ins. Co., 872 F. Supp. 1247, 1251 (S.D.N.Y. 1995). Here, as neither party has not made a claim as to the location of evidence, this factor does not clearly favor either venue.

A plaintiff's choice of forum is generally entitled to considerable weight and should not be disturbed unless other factors weigh strongly in favor of transfer. Citibank, N.A., 248 F. Supp. 2d at 176–78. Here, because the "first-filed" rule favors litigation in the forum in which the first suit is brought, the Court finds that Wyler-Wittenberg's choice of forum is not entitled to substantial weight.

The forum's familiarity with substantive law is another factor for the Court to consider. "[W]here an action does not involve complex questions or another state's laws, courts in this district accord little weight to this factor on a motion to transfer." Merkur v. Wyndham Int'l, Inc., No. 00–CV–5843, 2001 WL 477268, at *1, *5, 2001 U.S. Dist. LEXIS 4642, at *1, *5 (E.D.N.Y. 2001) (citing Vassallo v. Niedermeyer, 495 F. Supp. 757, 759 (S.D.N.Y. 1980)). Here, claims have been asserted under both federal and state law provisions. However, New York State labor law is not overly complex so as to unduly burden the California district court.

Moreover, with both the Cerami action and the Swisher action now pending in California, the assigned judge has familiarity with the legal issues and facts pertinent to the instant action. Finally, the Court concurs with the conclusion in Swisher that the federal district court to which the instant action will be transferred "is just as capable as this court sitting in [the State of New York] of resolving the[] "foreign state-law claims" being asserted in Wyler-Wittenberg. (Docket Entry No. 29–7.). Based on these mitigating factors, the Court finds that the substantive law governing the case does not clearly favor either venue.

Based upon the totality of the circumstances and following the precepts of the first-filed rule, the Court finds that MetLife has met its burden of demonstrating that transfer to the Central District of California would be in the interests of convenience and fairness. This case is in its infancy stage and no discovery has yet been conducted. Given the identical nature of the claims involved in the instant action, as those asserted in Cerami and Swisher, transfer is appropriate.

Thus, it is the decision of the Court that the instant action be transferred to the forum in which the first putative collective and class action was filed and remains pending.

### C. As To Wyler-Wittenberg's Motion For Leave To File An Amended Complaint

As a final attempt to try and persuade the Court to depart from the "first-filed" rule, Wyler-Wittenberg moves for leave to file an amended complaint which would limit the FLSA portion of the complaint to the seventy–five people who have already consented to become a party in the class to date. For the following reasons, the motion for leave to amend is denied.

Fed. R. Civ. P. 15(a) generally governs the amendment of pleadings, and provides in pertinent that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given as justice so requires.

Fed. R. Civ. P. 15(a); see also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002); Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991). A court should deny leave to amend only where such relief would cause undue delay, was sought in bad faith, or the Court concludes that the relief is futile or prejudicial to the non–moving party. DeFazio v. Wallis, No. 05 Civ. 5712, 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006). The decision to grant or deny a motion to amend rests within the sound discretion of the district court. Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603–04 (2d Cir. 2005); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). A proposed amendment is futile when it fails to state a claim upon which relief can be granted. Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Wyler-Wittenberg seeks to amend the complaint for the sole purpose of showing that the collective class in the instant action is comprised of plaintiffs who are not parties to Cerami and Swisher. However, this same tactic—seeking to amend the complaint to limit the class of FLSA plaintiffs—was attempted and rejected by the court in Swisher. Swisher, No. 12–cv–00133, slip op. at 6. In support of her opposition to MetLife's motion to stay, dismiss, or transfer the instant action, Wyler-Wittenberg relies heavily on her pending motion for leave to amend.

The Court is cognizant that under Rule 15, leave to amend should be freely granted. However, the amendment that is presently sought would not change the outcome of the motion to stay, dismiss, or transfer the instant action, as the "first-filed" rule remains applicable regardless of whether Wyler-Wittenberg limits the FLSA claims to those individuals who have already opted into the instant action for the reasons stated previously. Thus, the Court denies Wyler-Wittenberg's motion for leave to amend in its entirety.

### III.    CONCLUSION

For all the foregoing reasons, it is hereby

**ORDERED**, that MetLife's motion to stay, dismiss, or transfer the action is granted in part and denied in part; and that this matter is hereby transferred to the United States District Court for the Central District of California; and it is further

**ORDERED**, that Wyler-Wittenberg's motion for leave to amend the complaint is denied in its entirety.

**SO ORDERED.**
Dated: Central Islip, New York
October 17, 2012

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge